IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUSTEN HALL, | § | ACTION NO.: 3:10-cv-00135-FM |
| Petitioner, | § | |
| v. | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

**PETITIONER'S OPPOSED MOTION FOR LEAVE TO AMEND
PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner, Justen Grant Hall, by and through counsel, files this Motion For Leave To Amend his Petition for Writ of Habeas Corpus pursuant to Fed. R. Civ. P. 15(a) to add an additional claim alleging a violation of the Due Process Clause of the United States Constitution. Petitioner further submits an affidavit on behalf of Jesse Eddy, a witness for the prosecution in *State v. Hall*, Cause No. 20030D00505, 34th Judicial District Court, El Paso, Texas, in support of Petitioner's argument that the State withheld material evidence involving a key witness in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

**I.     THE PROPOSED AMENDMENT**

Petitioner's new claim alleges that his right to due process under the Fourteenth Amendment to the United States Constitution was violated by the State's use of false testimony from one of its' key witnesses, Jesse Eddy. The State allowed false testimony from Mr. Eddy to

A/74461350.2

go uncorrected in violation of *Giglio v. United States*, 405 U.S. 150 (1972). There is a reasonable likelihood that disclosure of the truth would have affected the judgment of the jury.

The Petitioner submits the accompanying affidavit from Mr. Eddy in which Mr. Eddy states that he was told by the prosecution to "stick to what I said in my statement and I would not get in trouble with other charges, including drug-related charges involving the house on Melody." (*See* Exhibit A - Affidavit of Jesse Eddy at ¶ 11). Mr. Eddy further states he had no independent recollection of the events of the night of October 28, 2002 and that his witness statement and subsequent testimony at trial were based on the statements of other witnesses. (*Id.* at ¶12). In addition, Mr. Eddy states that he signed a document which he understood to be an immunity agreement. (*Id.* at ¶11). The State was required under *Brady* to disclose the existence of this information prior to the commencement of the trial. The State's failure to do so results in a violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution.

## II. PETITIONER SATISFIES THE FEDERAL RULES GOVERNING AMENDMENTS.

Fed. R. Civ. P. 15 applies to an amendment of a federal habeas petition. 28 U.S.C. § 2242; *Mayle v. Felix*, 545 U.S. 644, 654 - 55 (2005). The amendment relates back to the original petition under Fed. R. Civ. P. 15(c)(2) because it is tied to the same set of operative facts as the *Brady* claims in the original petition filed by the Petitioner in June 2010. (*See* Docket No. 28. June 10, 2010).

Those operative facts are that the Petitioner made a Motion for Discovery and Inspection prior to the trial in which he asked the trial court to compel the District Attorney to produce evidence which would serve to impeach any potential prosecution witness, including evidence of "deals, agreements, offers of immunity, or the like given or offered to any witness or potential witness," which the State was in the possession of at the time the Motion was filed or learned of

in the future. (*See* Exhibit B - January 6, 2005 Motion For Discovery And Inspection at ¶ 16). The Motion also required the State to disclose

> Any and all evidence of whatever form, source, or motive which tends to exculpate the Accused…through the impeachment of any potential prosecution witness, and all information of whatever form, source or nature which may lead to evidence which tends to exculpate the Accused…[by] impeaching the credibility of any potential prosecution witness.

(*Id.* at ¶ 15).

The State failed to disclose, among other *Brady* evidence, evidence regarding the existence of either a written or tacit immunity agreement with Jesse Eddy. (*See* Exhibit C - State's Motion to Grant Limited Use Immunity, Order Granting Limited Use Immunity, and Agreement For Honest Testimony). Petitioner's proposed amendment introduces evidence not previously available in the form of an affidavit from Jesse Eddy in which Mr. Eddy states he was told he would not be prosecuted for "charges, including drug-related charges involving the house of Melody." (Eddy Affidavit at ¶ 11). Mr. Eddy also states in his affidavit that he signed a document that he understood to be an immunity agreement. (*Id.*) Mr. Eddy's affidavit further discloses that he had no independent recollection of the events of the night of October 28, 2002, and his witness statement and subsequent trial testimony were based on the statements of other witnesses. (*Id.* at ¶12)

After providing key testimony at trial, including testimony in which Mr. Eddy admitted to committing various felonies involving drug-related activity at the house on Melody, Mr. Eddy was never charged by the State. Mr. Eddy also testified to specific events which took place on the evening of October 28, 2002, despite the fact that he now acknowledges that not only did he not remember the events of that evening due to the fact he was under the influence of

methamphetamine, but also that the police knew this when he gave his witness statement. (*Id.* at ¶¶ 2, 6).

The Petitioner further satisfies the standard for a court to grant leave to amend. That standard, as set forth in *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 (1962), provides:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.'

*See also, Carson v. Polley, et. al.*, 689 F.2d 562, 584 ("Rule 15 'envinces a bias in favor of granting leave to amend…Thus, unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial) (quoting *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)); *United States v. Sanez*, 282 F.3d 354 (5th Cir. 2002)(vacating district court judgment denying leave to amend where petitioner waited 28 months to make motion and remanding with direction to district court to consider whether amendment relates back to original pleading while taking into consideration *Foman* factors.)

There is no undue delay, bad faith or dilatory motive on part of the Petitioner in that Mr. Eddy was previously incarcerated in the Plainfield, Indiana Correctional Facility and calls to the Correctional Facility in attempt to contact Mr. Eddy were not returned by prison personnel. (*See* Exhibit D - Affidavit of Jason D. Lane). Mr. Eddy is now incarcerated at the Marion County Jail in Indianapolis, Indiana and attempts to contact him at that facility were successful.

There is also no undue prejudice to the State since the State has been aware, either directly or through imputed knowledge, of the facts disclosed in Mr. Eddy's affidavit since at least 2005, and in one case, November 2002. *See Giglio*, 405 U.S. at 153 (imputing knowledge from one prosecutor to another), *Kyles v. Whitely*, 514 U.S. 419, 438 (1995) (imputing

knowledge to the prosecutor from the police). Mr. Eddy's affidavit discloses that he was told by the prosecutors that he would not face charges if he testified in accordance with his statement. (Eddy Affidavit at ¶ 11). Mr. Eddy further states that the police showed him statements from other witnesses and "suggested that I should say the same things in my statement" despite the fact he had no independent recollection of the events which took place on October 28, 2002 due to his drug use. (*Id.* at ¶¶ 6-7)

Finally, the proposed amendment is not futile. Mr. Eddy's affidavit is further evidence of the State's repeated *Brady* violations. The proper inquiry under *Brady* requires that the evidence be favorable to the defendant and that the net effect of all of the favorable evidence reasonably undermine confidence in the verdict. *See Banks v. Dretke*, 540 U.S. 668, 691 (2004); *Kyles v. Whitley*, 514 U.S. 419, 435-437 (1995).

The affidavit is favorable to the Petitioner in that it provides further evidence, in combination with the draft immunity agreement signed by the El Paso District Attorney, of the existence of a written or tacit offer of immunity given to Mr. Eddy in exchange for his testimony. It also reveals that Mr. Eddy provided a written statement and gave sworn testimony regarding the events of October 28, 2002, despite informing the police that he had no independent recollection of the events of that evening due to his drug use. When the information disclosed in the affidavit is considered in combination with the additional *Brady* evidence described in the Original Petition, the net effect of the favorable evidence reasonably undermines confidence in the verdict, entitling the Petitioner to a new trial.

## Conclusion

For the reasons set forth above, Petitioner respectfully requests that the Court grant Petitioner's motion to amend his federal habeas petition.

Dated: August 11, 2011

Respectfully Submitted,

By: /s/ Goutam Patnaik

Kathryn M. Kase, Member of the Bar of this Court
Texas Defender Service
1927 Blodgett
Houston, TX 77004
Phone: 713.222.7788
Fax: 713.222.0260

William S.D. Cravens, admitted *pro hac vice*
Bingham McCutchen, LLP
2020 K Street NW
Washington, DC 20002
Phone: 202.373.6000
Fax: 202.373.6001

Goutam Patnaik, admitted *pro hac vice*
Pepper Hamilton LLP
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2005
Phone: 202.220.1200
Fax: 202.220.1665

Counsel for Petitioner Justen Grant Hall

## LOCAL RULE 7(h) CERTIFICATION

I, Goutam Patnaik, hereby certify that I, as counsel for Petitioner, conferred with counsel for the State, Thomas Jones, on August 10, 2011 in good faith to resolve or narrow the issues presented in this motion. Counsel for State does not consent to the relief sought by this motion and plans to oppose this Motion.

/s/ Goutam Patnaik
Goutam Patnaik

## CERTIFICATE OF SERVICE

      On August 11, 2011 I electronically filed the forgoing with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the *CM/ECF* system, which will send notification of such filing to the following:

**Thomas M. Jones**
Assistant Attorney General
Postconviction Litigation Division
P.O. Box 12548
Capitol Station
Austin, TX 78711
Phone: 512/936-1400
Fax: 512/936-1280
Email: thomas.jones@oag.state.tx.us
*LEAD ATTORNEY*

**Edward L. Marshall**
Assistant Attorney General
State of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548
(512) 936-1400
Fax: (512) 936-1280
Email: edward.marshall@oag.state.tx.us

                                                      /s/    Goutam Patnaik
                                                      Goutam Patnaik