IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUSTEN HALL, | § | ACTION NO.: 3:10-cv-00135-FM |
| Petitioner, | § | |
| v. | § | |
| RICK THALER, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § | |
| Respondent. | § | |

### PETITIONER'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS

The Director presents no persuasive reason why this Court should deny Petitioner's motion to amend his petition for writ of habeas corpus to introduce an affidavit in further support of his *Brady* claims and to add a new claim under *Giglio v. United States*, 405 U.S. 150 (1972). The Director's procedural and substantive arguments are equally unavailing.[1]

Fed. R. Civ. Pro. 15(c)(2) states that an amendment relates back to the date of the original pleading when the claim "arises out of the conduct, transaction or occurrence set forth in the original pleading." The Director asserts that the new information revealed in the Jesse Eddy affidavit raises "allegations and facts [which] differ in time and type from the allegations and facts leveled in the original petition." (Docket. No. 47 at 6-7). The Director's reliance on *Mayle v. Felix*, 545 U.S. 644 (2005) is misplaced as *Mayle*, in fact, supports the Petitioner's position.

---

[1] The Director reiterates procedural arguments relating to exhaustion first raised in his Original Answer (Docket No. 40, pp. 11-18). The Petitioner responded to these arguments in his Reply in Support (Docket No. 43, pp. 5-16), and for sake of brevity, will not repeat those arguments here.

In *Mayle*, the Petitioner originally filed a timely petition in which he alleged that the prosecution violated his rights under the Sixth Amendment's Confrontation Clause by introducing videotaped statements from a witness. (*Id.* at 648). Eight months later, the Petitioner sought leave to amend his petition by introducing a new claim that the police used coercive tactics to obtain damaging statements from him in violation of his Fifth Amendment right against self-incrimination. (*Id.*) The Court overturned the Ninth Circuit in finding that the Petitioner's own pre-trial statements were separated "in time and type" from the videotaped statements from the witness. (*Id.* at 657).

The information disclosed in Mr. Eddy's sworn affidavit, unlike in *Mayle*, relates directly "in time and type" to the claims presented in Petitioner original petition. The Petitioner raised numerous *Brady* claims in his original petition, including that Mr. Eddy had entered into a tacit agreement with the State prior to the trial, a fact never disclosed to the defense. (Docket No. 28 at 24-27). Mr. Eddy's affidavit confirms that he understood that he was testifying pursuant to an agreement and that he signed a document which he believed to provide him immunity from prosecution. (Affidavit of Jesse Eddy at ¶11). Mr. Eddy further discloses that he had no independent recollection of the events of October 28, 2002, and his sworn testimony at trial was based on the statements of other witnesses. (*Id.* at ¶12).

The facts disclosed in Mr. Eddy's affidavit show "the existence of a common 'core of operative facts' uniting the original and newly asserted claims," specifically facts relating to the State's conduct with respect to Mr. Eddy's testimony in front of the jury (*i.e.*, failure to disclose an offer of immunity) and the existence of additional undisclosed *Brady* evidence (*i.e.*, that Mr. Eddy had no recollection of the events of the evening of October 28, 2002, yet still testified about those events to the jury.) (*Mayle*, 545 U.S. at 659.)

Petitioner's motion is equally proper under Fed. R. Civ. Pro. 15(d) which allows "a party to serve a supplemental pleading setting out any transaction, occurrence or event that happened *after* the date of the pleading." (emphasis added). Although the decision to grant or deny leave to supplement is within the discretion of the court, if the court "lacks a 'substantial reason' to deny leave, its discretion 'is not broad enough to permit denial.'" *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995). The Court, in exercising its discretion, should consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant...undue prejudice to the opposing party...[or] futility of amendment." (*Id. citing Forman v. David*, 371 U.S. 178, 182 (1962)). None of these factors are present.

Counsel for the Petitioner was just recently able to get in touch with Mr. Eddy after he was moved from the Plainfield Correctional Facility to the Marion County Jail. (Eddy Affidavit at ¶1). Mr. Eddy submitted his affidavit revealing additional undisclosed *Brady* evidence in July 2011, well *after* Mr. Hall filed his original habeas petition in June 2010.

Of equal significance, the State has repeatedly asserted that Mr. Eddy was never offered any deals and stood silent when he testified at trial that he was not testifying pursuant to an agreement. (RRv73 at 135). The State also left uncorrected Mr. Eddy's testimony that he recalled the events of October 28, 2002, and proceeded to allow Mr. Eddy to describe to the jury the events of that evening despite the fact that, as he now reveals, he informed the police he was under such a heavy influence of methamphetamines that he had no independent recollection of what occurred that night. (RRv73 at 138-47, Eddy affidavit at ¶ 6 - 7).

The Petitioner relied on Mr. Eddy's sworn testimony that he was not testifying pursuant to an agreement as well as the State's silence on that fact. The Petitioner also relied on ADA Meraz's testimony during the State Habeas proceeding that there were no deals offered. (S.H. Tr. at 18 - 19, 102). Such reliance was entirely reasonable. The Director now seeks to invoke a

"prosecutor may hide, defendant must seek" rule in alleging that the Petitioner did not make a timely effort to uncover the truth regarding Mr. Eddy's testimony, a rule the Supreme Court has described as "not tenable in a system constitutionally bound to accord defendants due process." *Banks v. Dretke*, 540 U.S. 668, 695 (2004).

The Director also seeks to minimize the importance of Mr. Eddy's testimony during trial, despite the fact that Mr. Eddy testified he heard the Petitioner state he was going to kill the victim. (RRv73 at 143). The prosecution, in its closing argument, vouched for the veracity of Mr. Eddy's testimony.[2] Mr. Eddy now reveals that, contrary to the prosecution's statements, he did in fact mislead the jury during his key testimony. (Eddy affidavit at ¶ 6 - 7).

The Director attempts to downplay the significance of Mr. Eddy's affidavit, yet fails to acknowledge that suppressed evidence needs to be reviewed collectively rather than judging the materiality of each separate item. (*Kyles v. Whitely*, 514 U.S. 419, 435-437 (1995)). The *Brady* evidence withheld by the State discovered to date includes:

(1) the facts revealed in Mr. Eddy's affidavit regarding an undisclosed deal as well as evidence that he gave extensive and detailed but unfounded testimony based on other witness statements and not based on his own recollection;

(2) a "draft" agreement for Mr. Eddy, signed by the El Paso District Attorney, granting him immunity from prosecution for the specific crimes he testified to and was never charged for;

(3) a "draft" agreement for Ted Murgatroyd, similarly granting him immunity from the crimes he subsequently testified to but was never charged for;

(4) the fact that the NCIC report of another key witness, Tim Davis, which the State refused to turn over before trial, disclosed that Mr. Davis was arrested just days

---

[2] Assistant District Attorney Meraz stated:

Do you think he was going to come up here and make up a story? Do you think he was lying to you when he said the defendant said he was going to kill Melanie Billhartz? That wasn't a lie. He was telling you what happened." (RRv79 at 92).

A/74495248.2                           4

    prior to giving his witness statement but the charges were apparently later dropped[3] (Docket 28 at 34);

(5) testimony from another key witness at trial that the El Paso Police offered him a deal, a fact denied by a detective during the trial, yet in light of the other *Brady* evidence, highly plausible; and

(6) failure to disclose correspondence with Mr. Eddy which revealed the motivation (in addition to the existence of an offer of immunity) for his giving testimony, as well as including statements indicating Mr. Eddy had originally withheld information from the prosecution until right before the trial. (*Id.* at 38-9).

The undisclosed *Brady* evidence casts serious doubt on the testimony of all 4 of the State's main witnesses. Mr. Eddy's sworn affidavit, revealing additional undisclosed *Brady* evidence, viewed in connection with Juror Irene Rodriquez's sworn declaration stating that the existence of immunity agreements would have been material to her, further demonstrates the lack of due process afforded the Petitioner at trial. (Declaration of Irene Rodriguez at ¶11). When viewed collectively, the net effect of the undisclosed *Brady* evidence reasonably undermines confidence in the jury verdict, entitling Petitioner to a new trial. *Banks*, 540 U.S. at 691.

### Conclusion

For the reasons set forth above, Petitioner respectfully requests that the Court grant Petitioner's motion to amend his federal habeas petition.

Dated: August 26, 2011

Respectfully Submitted,

By: /s/ Goutam Patnaik

Kathryn M. Kase, Member of the Bar of this Court
Texas Defender Service
1927 Blodgett
Houston, TX 77004
Phone: 713.222.7788
Fax: 713.222.0260

Goutam Patnaik, admitted *pro hac vice*
Pepper Hamilton LLP
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2005
Phone: 202.220.1200
Fax: 202.220.1665

---

[3] According to Mr. Davis's NCIC Report, he was arrested for a violation of Tex. HS Code 481.124 - Possession or Transportation of Certain Chemicals With Intent to Manufacture Controlled Substance - on November 21, 2002, six days before he provided the El Paso Police Department with his witness statement implicating the Petitioner.

## CERTIFICATE OF SERVICE

      On August 26, 2011 I electronically filed the forgoing with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the *CM/ECF* system, which will send notification of such filing to the following:

**Thomas M. Jones**
Assistant Attorney General
Postconviction Litigation Division
P.O. Box 12548
Capitol Station
Austin, TX 78711
Phone: 512/936-1400
Fax: 512/936-1280
Email: thomas.jones@oag.state.tx.us
*LEAD ATTORNEY*

**Edward L. Marshall**
Assistant Attorney General
State of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548
(512) 936-1400
Fax: (512) 936-1280
Email: edward.marshall@oag.state.tx.us

                                    /s/   Goutam Patnaik
                                    Goutam Patnaik