## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| JUSTEN GRANT HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIV. ACTION NO.: 3:10-cv-00135-FM |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### AFFIDAVIT OF JESSE EDDY

1.      My name is Jesse Eddy. I am currently incarcerated in the Marion County Jail in Indianapolis, Indiana. My prison identification number is P00642595.

2.      I have no independent memory of any of the events that occurred on the night of October 28, 2002. I know that I was at the house at 5608 Melody in El Paso, Texas that night, but I do not recall any of the events that occurred or any statements made to me that night because I was under the influence of methamphetamine at the time.

3.      When Justen Hall and I were arrested near Plainview, Texas approximately one month later, on November 23, 2002, we had both been using methamphetamine continuously for several weeks and had just run out of drugs so we had hit bottom physically and mentally. We had not slept for days, which is why we had just pulled off on the side of the road to sleep when we were arrested.

4.     Our physical and mental condition had not improved when we were interviewed by the detectives from El Paso shortly after we were arrested in Plainview. The detectives from El Paso allowed me and Justen to eat lunch together before we were interviewed. While we were eating, Detective Samaniego told me that he knew Justen from another case, and that he would take care of him.

5.     After we ate lunch, Justen was interviewed by Detective Samaniego and I was interviewed by the other detective from El Paso and by a detective from New Mexico.

6.     The detective from El Paso was very aggressive and hostile to me during the interview. He showed me statements that other witnesses had made implicating Justen in the murder of Melanie Billhartz. He suggested that I should say the same things in my statement if I wanted to avoid charges involving the murder of Melanie Billhartz. He also threatened to take me to New Mexico so that I would be extradited to face other charges in Colorado if I did not cooperate.

7.     In order to avoid charges involving the murder, and to avoid being extradited to Colorado, I made my statement based solely on the statements of the other witnesses, and not based on any independent memory I had of what happened on October 28, 2002, or of any statements made to me that night.

8.     When the detectives left to take Justen Hall back to El Paso after he attempted suicide, they left me in jail in Plainview, Texas for three and a half months, on a charge for unauthorized use of a motor vehicle. The two detectives from El Paso said they were leaving me there because I was not being as cooperative as they wanted me to be.

9.   After three and a half months I was bonded out and returned to El Paso for a few days before leaving to go to Indiana, where I was later arrested and incarcerated on other charges.

10.   In December 2004, several months before Justen's trial, I received a letter from the prosecutors in Justen's case. They offered to bring me back to El Paso in time to see my family for the holidays if I would agree to a transfer request so they could work on my testimony for Justen's trial. I agreed to the transfer because I wanted to see my family for the holidays.

11.   The first thing the prosecutors allowed me to do when I arrived in El Paso was to call my family. When I met with the prosecutors to discuss my testimony they told me to stick to what I had said in my statement and I would not get in trouble with other charges, including drug-related charges involving the house on Melody. They went over my testimony again and again. They also asked me to sign a document that I understood was an immunity agreement, and I did sign the document.

12.   The testimony I gave at trial was based on the statements of the other witnesses, and not on any memory I had of what happened on the night of October 28, 2002, or of any statements made to me that night. I gave the testimony believing that I had been granted immunity from any charges in exchange for my testimony.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on this 20 day of July 2011.

_Jesse Eddy_ (signature)

Jesse Eddy

# EXHIBIT B

Jan 06 05 12:06p      McP⁀ald & Associates        91'⁀42706                    p.2

⁜꙼ JAN  6  PM 2 13

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
34ᵀᴴ JUDICIAL DISTRICT

| THE STATE OF TEXAS | § | |
|---|---|---|
| | § | |
| v. | § | Cause No. 20030D00505 |
| | § | |
| JUSTEN GRANT HALL | § | |

## MOTION FOR DISCOVERY AND INSPECTION

The Accused, by and through his attorney of record, moves the Court for discovery and

inspection of the following items in the possession or control of the District Attorney:

1.      The name of all tests and scientific tests or examinations conducted with regard to this case,

including the following:

    (a)     Name of test.

    (b)     Identify the party or parties performing the test by name, rank, home address, work
    phone number and present assignment.

    (c)     Supply a clear copy of the test examination report and all the papers, work sheets and
    notes (including bench notes) upon which it is based.

    (d)     A sample of the item tested so that the same can be examined by the defense experts.

2.      Accused demands the right to examine all physical property taken from his possession

whether by warrant or otherwise.

3.      Accused demands the right to examine all eavesdropping, recording, audiovisual or other

electronic devises used in the investigation and surveillance undertaken in this case.

4.      Accused demands an accurate and clear copy of all videotapes and sound recordings made in

this case.

5.      Accused demands copies of any statements made by him, or attributed to him whether

recorded or transcribed, written or oral, verbatim or summarized.

1

Jan 06 05 12:07p        Mc[   ]ald & Associates        91[ ]  42706              p.3

6.      Accused demands clear copies of all wiretap or eavesdropping warrants together with all documents, memorandum and affidavits upon which they are based.

7.      Accused demands the names and present addresses of all persons who would qualify as competent witnesses if called, whether or not the prosecution intends to call them as witnesses.

8.      Accused demands copies of all police memoranda, memo books, logs and any and all other reports of all investigations carried on with respect to this case.

9.      Accused demands to be informed of the name, rank, shield number, home address and work phone number and present assignments of all law enforcement personnel assigned to this case.

10.     Accused demands a copy of the personnel records of each of the above named individuals, or in the alternative that same records be turned over to the Court for examination, in camera, to determine what information contained therein would be relevant or material to the defense.

11.     Accused demands copies of the statements given to any law enforcement agents by witnesses to any of the acts set forth in the indictment.

12.     Accused demands the names of any and all experts who have been consulted in this matter by the prosecution whether or not said expert will be called as a state's witness during the trial or this matter.

13.     Accused demands the El Paso County Sheriff's Department, the El Paso County District Attorney, El Paso Police Department, and other state and county agency's vouchers, cash receipts, statement or any other documents indicating payments to any person, officer, expert, or witness involved in this case.

14.     Accused demands the transcript of testimony given by all witnesses before the Grand Jury during its investigation and consideration of the charges contained in the indictment returned in this cause, whether or not the state intends to call such person as a witness at the trial.

Jan 06 05 12:07p     Mcᴵ⁻ʰald & Associates       91! ⌒42706              p.4

15.     Any and all evidence of whatever form, source, or motive which tends to exculpate the Accused either through an indication of the Accused's innocence or through the impeachment of any potential prosecution witness, and all information of whatever form, source or nature which may lead to evidence which tends to exculpate the Accused whether by indicating his innocence or impeaching the credibility of any potential prosecution witness, and any other information which may be or become of benefit to the Accused in preparing or presenting his defense of innocence at trial. This request includes any such evidence or information now in possession of the state, or which comes into possession of the state in the future, or which the state now has knowledge or in the future obtains knowledge.

16.     Copies of any deals, agreements, offers of immunity, or the like given or offered to any witness or potential witness.

17.     Copies of all toxicological examinations conducted with regard to this case.

18.     Copies of all serological examinations conducted during the investigation of the   crime charged in the indictment returned in this cause.

19.     The manner of, type of and results of all laboratory examinations conducted with regard to this case including but not limited to the results of all tests conducted on the clothing of the Accused or of the deceased, the body of the deceased, and/or at the scene of the crime and/or upon any items found at the scene of the crime.

20.     All of the items sought are both necessary and material to the preparation of the defense of this case.  The requests are authorized by the Fifth, Sixth, Eighth and Fourteenth  Amendments to the Constitution of the United States,  Article 39.14 of the Texas Code of Criminal Procedure, and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *United States v. Bagley*, 473 U.S. 667 , 105 S.Ct. 3375, 87 L.Ed. 2d 481 (1985).

Jan 06 05 12:07p      Mc⌐⌐ald & Associates      91'   42706      p.5

21.    Once the prosecution presents all of the requested items it can then be determined what will

be relevant and admissible as direct evidence, or for the purposes of impeachment. The Court,

prosecution, and perhaps the defense, cannot at this time decide what may be useful, relevant, or

admissible.

22.    Justification for discovery and inspection stands or falls on the equitable determination of

whether it makes the truth easier to determine or gives a party an advantage. Justification for

discovery and inspection must be viewed from the former standpoint.

23.    A criminal trial like a civil trial is a quest for the truth.  That quest will more often be

successful if both sides have an equal opportunity to interview the persons who have the information

from which the truth may be determined. The current tendency, and the better reasoned approach,

dictates complete discovery of the facts before the trial and the elimination of surprise at the trial.

The Accused should be given all discovery to which he would be entitled if he were a civil litigant.

Any denial of discovery to this Accused on the grounds that the criminal rules of discovery are not

as broad as the civil rules of discovery is a violation of of the Accused=s rights under the due

process and equal protection clauses of the United States Constitution.

25.    Without the requested discovery and inspection the Accused will be deprived of his

right to due process under the Fourteenth Amendment to the Constitution and the effective

assistance of counsel under the Sixth Amendment to the Constitution of the United States, and his

similar rights under the Texas Constitution.

WHEREFORE, it is respectfully requested that the relief sought herein be in all respects

granted, together with such other and further relief as may be just and proper.

Dated: January ____, 2004.                    Respectfully submitted,

                                              FRANCISCO F. MACIAS

Jan 06 05 12:07p        Mc⌐ ald & Associates          91' 42706                    p.6


CHARLES E. McDONALD
106 Santo Ysidro
Santa Teresa, NM 88008
(915) 545-2300 - phone
(915) 544-2706 – fax
State Bar No. 13538200
Attorneys for the Accused


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion was faxed to Diana Meraz, Assistant District Attorney's Office, 500 E. San Antonio, Room 201, El Paso, Texas via telephone number 533-5520 on January 6, 2005.

Charles E.  McDonald.

# EXHIBIT C

IN THE DISTRICT COURTS OF EL PASO COUNTY
34th JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20030D00505 |
| | § | |
| JUSTEN HALL | § | |

## STATE'S MOTION TO GRANT LIMITED USE IMMUNITY

Now comes the State of Texas, by and through her District Attorney and makes this Motion to Grant Limited Use Immunity to and compel the honest testimony of Jesse Eddy, DOB:                 hereinafter referred to as "Witness", and in support thereof would show the Court as follows:

### I.

The State of Texas has set for trial the defendant JUSTEN HALL for the criminal offenses of Capital Murder.

### II.

The State would show that said Witness is believed to have material information regarding such criminal offense and that testimony regarding the same is crucial to the prosecution of this case.

### III.

Said Witness has indicated that he will refuse to give testimony or provide other information on the basis of his privilege against self-incrimination.

### IV.

That in order to obtain such testimony, the State requests this Court to grant Limited Use Immunity to said Witness and to compel said Witness to testify truthfully, accurately, and consistently, if called by either side, during the prosecution of this case.

### V.

Limited Use Immunity, as herein used, is defined by the attached Agreement for Honest Testimony.

Wherefore, premises considered, the State requests the Court to compel said Witness to truthfully testify after having granted this Witness Limited Use Immunity from prosecution or penalty or forfeiture for or on account of any transaction, matter or thing concerning which said witness may testify as outlined in the attached "Agreement for Honest Testimony"; except that said Witness shall not be exempt from prosecution for perjury or contempt while giving testimony before the Trial Court pursuant to this Grant of Limited Use Immunity.

Respectfully submitted,

Jaime Esparza
34th Judicial District Attorney
State Bar No. _____
500 E. San Antonio, Suite 201
El Paso, Texas 79901
(915) 546-2059
f-(915) 533-5520

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2005, a true and correct copy of the foregoing STATE'S MOTION TO GRANT LIMITED USE IMMUNITY was provided to Mr. Charles E. McDonald and Francisco F. Macias, the Attorney for the Defendant, by one or more of the listed means below:

☒   Mailed to 4150 Rio Bravo Dr. Suite 136, El Paso, TX 79902
     1001 N. Campbell St., El Paso, Texas 79902

☒   Faxed to Number (915) 544-2706
     (915) 544-5345

☐   Hand delivered

Jaime Esparza
District Attorney

IN THE DISTRICT COURTS OF EL PASO COUNTY
34th JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20030D00505 |
| | § | |
| | § | |
| JUSTEN HALL | § | |

## ORDER GRANTING LIMITED USE IMMUNITY

On this the _____ day of January, 2005, came on to be heard the State's Motion to Grant Limited Use Immunity, and the State having appeared, and the Witness having appeared in person and by his attorney, and the Court having heard the evidence, and argument of counsel, and after having considered the motion, is of the opinion that such motion should be **GRANTED.**

**IT IS THEREFORE ORDERED** that the Agreement attached to the State's motion is approved by the Court, and that the Witness, Jesse Eddy, DOB: _____ upon his abiding by all of the terms of the agreement, is hereby granted Limited Use Immunity under the terms of the State's motion and agreement attached thereto; except, the Witness is not exempt from prosecution for perjury or contempt while giving testimony in any court pursuant to this Grant of Limited Use Immunity.

SIGNED this the _____ day of January, 2005.


                                        _____
                                        JUDGE PRESIDING

IN THE DISTRICT COURTS OF EL PASO COUNTY
34th JUDICIAL DISTRICT COURT

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | |
| | § | |
| VS. | § | CAUSE NO.: 20030D00505 |
| | § | |
| JUSTEN HALL | § | |

## AGREEMENT FOR HONEST TESTIMONY

WHEREAS Justen Grant Hall (hereinafter referred to as defendant) is on trial for the Offense of Capital Murder under case under cause numbers 20030D00505, and EPPD Number 02-327060; and

WHEREAS Jesse Eddy, DOB:            (hereinafter, "Witness") is a witness in the above styled and numbered cause because he was a witness to the events of September, October and  November, 2002 as described in El Paso Police Department Case 02-327060 and 02-100052; and

WHEREAS the District Attorney's office for the Thirty-Fourth (34th) Judicial District of Texas (hereinafter "District Attorney") is the appropriate prosecuting authority; and

WHEREAS the Witness and the District Attorney desire to enter into an agreement whereby the Witness will provide honest, consistent, and accurate testimony in the trial of the above-styled and numbered causes of the co-defendants, regardless of whether called to testify by the Defense or the State, in exchange for Limited Use Immunity according to the following terms:

1.    In exchange for the Witness's honest testimony in the above styled and numbered case, regardless of whether called to testify by the Defense or the State, and in conjunction with the Witness's obligation as set forth below, the District Attorney agrees to grant the Witness Limited Use

State of Texas v. JUSTEN HALL
Agreement
Page 2.

        Immunity as to any possible offenses and lesser included offenses committed during the months of September, October, and November, 2002, involving narcotic possession, consumption and distribution.

2.    It is the intent of the parties, with the approval of the Court that this Agreement will be binding upon the District Attorney, its agents and assigns, and any and all other agencies.

3.    This Grant of Limited Use Immunity does not apply to any additional offense(s) revealed in the testimony.

4.    Further, no testimony or other evidence provided by the Witness to the District Attorney, its investigators, any Grand Jury investigating the cause, other State law enforcement, or the Court, will be used against the Witness in any criminal cause, except in a prosecution for perjury for giving a false statement.

5.    Further, this agreement does not prohibit, or in any way inhibit the prosecution of the Witness given the independent evidence, not derived in any way from the Witness's cooperation with the State in accordance with this agreement in the absence of any plea bargain agreement.

6.    This Agreement is limited to those statements made by the Witness concerning any transactions which may be offenses (and any lesser-included offenses) concerning the subject of this agreement as stated in paragraph 1, and any evidence derived from such statement by the Witness, and does not limit in any way the right or ability of the District Attorney or the State of Texas to investigate or prosecute other crimes.

7.    The Witness must supply complete, truthful, and consistent information to any and all questions provided by the District Attorney, its investigators, law enforcement officers of the State, any Grand Jury, the Defense Attorney, or the Court. The Witness must neither attempt to protect any

State of Texas v. JUSTEN HALL
Agreement
Page 3.

person or persons either through false information or omission, nor falsely implicate any person or entity.

8. The Witness must immediately furnish any and all evidence and documents in his custody, possession, or control concerning the Defendant in this cause.

9. The Witness must testify truthfully, consistently, accurately and completely at any trial concerning these matters.

10. The Witness must be truthful, consistent, accurate and complete in his discussions with the District Attorney, its investigators, and any law enforcement officers of the State of Texas.

11. Notwithstanding any other provision in this agreement, in the event that the Witness fails to make himself available to testify at the trial of this Defendant to this cause, or in the event that the Witness fails to testify truthfully and fully at the trial, or in the event that the Witness fails to completely cooperate with the District Attorney's Office and other law enforcement officials in the investigation and prosecution of this cause or any related cause, then this agreement shall be void and of no effect such that the District Attorney's office can prosecute the offenses that are the subject of this agreement as well as any other offenses revealed by the Witness through his testimony or evidence gained from him, and seek the maximum punishment in all cases.

12. Notwithstanding this Agreement, the Witness can and will be prosecuted under the Texas Perjury Statutes for any materially false statement made under oath and may be held in contempt of court if the circumstances warrant during any trial.

13. This Agreement for Honest Testimony shall be attached to a Motion and Order to be signed and approved by the court before the Witness testifies.

State of Texas v. Justen Hall
Agreement
Page 4.

14. This Agreement for Honest Testimony is void unless approved by the court.

15. It is the intent of the parties that this Agreement for Honest Testimony will be binding on both the State and the Witness.

Executed this date, the _____ of January, 2005.

APPROVED AS TO FORM AND CONTENT:

_____
JESSE EDDY
WITNESS

_____
JAIME ESPARZA
DISTRICT ATTORNEY
34TH JUDICIAL DISTRICT

_____
ATTORNEY FOR WITNESS

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUSTEN GRANT HALL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIV. ACTION NO.: 3:10-cv-00135-FM |
| | § | |
| RICK THALER, | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## AFFIDAVIT OF JASON D. LANE

1.      My name is Jason D. Lane. I am an attorney with Bingham McCutchen LLP in New York, NY.

2.      Based on records available through the Indiana Department of Correction web site, I was able to locate Jesse Eddy as an inmate at the Plainfield Correctional Facility in Plainfield, Indiana. Mr. Eddy was identified in the database as DOC No. 140112.

3.      On June 29, 2010 at 3:15 PM, I placed a call to the Plainfield Correctional Facility for the purpose of speaking with Mr. Eddy. I was told that I had to speak with Thomas Lucas, Case Manager for Central Dorm North, Plainfield Correctional Facility in Plainfield, Indiana. I was told that Mr. Lucas was reachable at ext. 1609 and I was forwarded to that extension. I was placed into a voice mailbox for Mr. Lucas. I left Mr. Lucas a message informing him that I was attempting to reach inmate Jesse Eddy and asked Mr. Lucas to call me back on my office number.

A/74466581.1

-2-

4.     On July 7, 2010 at 2:16 PM, I placed another call to Mr. Lucas at the Plainfield Correctional Facility.  I was once again placed into a voice mailbox for Mr. Lucas. I left Mr. Lucas another message informing him that I was attempting to arrange a call with Jesse Eddy and asked that he call me back on my office number.

5.     Mr. Lucas failed to return the messages I left for him on June 29, 2010 and July 7, 2010.

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and executed on this 10th day of August 2011.

*Jason D. Lane*

Jason D. Lane

-2-

A/74466581.1