IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JUSTEN GRANT HALL,<br><br>Petitioner,<br><br>V.<br><br>RICK THALER,<br>Director, Texas Department of<br>Criminal Justice, Correctional<br>Institutions Division,<br><br>Respondent. | § § § § § § § § § § § § § | CIV. ACTION NO.: 3:10-cv-00135-FM |

**PETITIONER'S MOTION TO STAY AND ABATE PROCEEDINGS**

Petitioner Justen Grant Hall respectfully asks the Court to stay all proceedings in this case and hold it in abeyance in order to permit Mr. Hall to return to state court to pursue newly available remedies. The Petitioner is concurrently filing a Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e).

The Texas Court of Criminal Appeals ("CCA") recently issued an opinion in which the CCA held that a petition for a writ of habeas corpus filed on behalf of a death row inmate failed to meet the state pleading requirements. *Ex Parte Medina*, 2011 Tex. Crim. App. LEXIS 1371 at *1 (Tex. Crim. App. Oct. 12, 2011). The CCA ordered that the petitioner in *Medina* be appointed new habeas counsel and be allowed to re-file his state habeas petition.

Petitioner is in *exactly* the same circumstances as the petition in *Ex Parte Medina*. Both Mr. Hall and Mr. Medina were represented by the same habeas counsel, Robin Norris. In both instances, Mr. Norris filed similarly skeletal "petitions" which failed to meet the state pleading requirements. Both "petitions" filed by Mr. Norris were completely devoid of any specific facts

A/74461350.2

to support the legal allegations contained therein. Neither petition attached a memorandum of law or any supporting affidavits. Essentially the only fact differentiating Petitioner's case from the *Medina* case is that the State objected to Mr. Norris's discredited tactics in *Medina* by filing a motion to dismiss the "petition," yet failed to raise similar objections when Mr. Norris employed those same tactics in Mr. Hall's case, over the objections of Mr. Hall. Had the State similarly objected when Mr. Norris filed a bare bones petition on behalf of Mr. Hall in 2007, Mr. Hall would have been able to obtain the relief subsequently awarded to Mr. Medina, and would not have been deprived of his full and fair opportunity to present his claims to the state court.

If a stay is granted, Petitioner will immediately return to state court to seek habeas corpus relief pursuant to the CCA's *Ex Parte Medina* decision. As explained in further detail below, the Petitioner clearly meets the standard set forth in the Court's decision in *Rhines v. Weber* in order for a federal district court to grant a stay and abeyance. By granting Petitioner's motion, this Court may be able to preclude further proceedings in federal court, including a ruling on Petitioner's concurrently filed Motion to Alter or Amend Judgment pursuant to Fed. R. Civ. P. 59(e). As such, Petitioner respectfully submits that his request for a stay be granted.

### 1. Petitioner Meets The Standard for a Stay Under *Rhines v. Weber*

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Court held that a federal district court has discretion to stay and abate proceedings involving a mixed habeas petition in order to allow a Petitioner to return to state court to exhaust his claims. The Court noted that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentional dilatory litigation tactics." *Id.* at 278. The Court noted that "reasonable time limits should be placed on a petitioner's trip to state court and back." *Id.*

The Petitioner has good cause for his failure to exhaust his claims as his counsel in the state habeas proceeding filed a "petition" that failed to meet the state pleading requirements, and pursued this tactic over Mr. Hall's repeated and strenuous objections. Petitioner's unexhausted claims are also meritorious. Mr. Hall has raised numerous claims, including multiple *Brady* violations. Once Petitioner obtains relief under *Medina*, he will be in a position to further investigate and develop those claims and others with the proper assistance of counsel, and may also be afforded the opportunity to confront the witnesses who testified against him at his trial in an evidentiary hearing.

It is also clear that Petitioner never engaged in intentional dilatory litigation tactics. As detailed below, Mr. Hall was strongly opposed to Mr. Norris's tactics and repeatedly voiced his objections. The State was in the best position to object to Mr. Norris's "petition" by filing a motion to dismiss as it did in *Medina*, yet inexplicably it failed to do so. It was a combination of Mr. Norris's tactics and the State's inaction in response to those tactics that has served to deprive the Petitioner of his rights and unnecessarily expend judicial resources.

2. **Petitioner Should be Entitled to File a New Petition in State Court Under the CCA's Recent Holding in *Ex Parte Medina***

The CCA recently issued an opinion in *Ex Parte Medina* in which the court held that a purported petition for a writ of habeas corpus that was filed with the CCA by attorney Robin Norris did not qualify as "an application for writ of habeas corpus" under Article 11.071 of the Texas Code of Criminal Procedure because it failed to meet the state pleading requirements. 2011 Tex. Crim. App. LEXIS 1371 at *1 (Tex. Crim. App. Oct. 12, 2011).

The "application" filed in *Medina* asserted 10 reasons why the "Applicant's restraint was illegal," each of which alleged ineffective assistance by trial or appellate counsel. *Id.* at *4. The "application" was four pages long and contained only factual and legal conclusions. *Id.* The

"application" was not accompanied by a memorandum of law, nor did it include any exhibits, affidavits or other evidence in support. *Id.*

The State filed a motion to dismiss the "application". *Id.* at *3. The trial court found that some of the "claims sufficiently 'state[ed] grounds upon which, if proven to be true, relief could be granted,'" but still granted the State's motion to dismiss the application in order to let the CCA "resolve the problem." *Id.* at *3-4, n. 4. The CCA set a briefing schedule and ordered Mr. Norris to appear before the court to explain his conduct, which the court characterized as "throw[ing] his client under the bus." *Id.* at *5.

Mr. Norris explained to the court that he had investigated the facts underlying the claims, but nonetheless decided not to include such facts in the application. *Id.* at *6. Mr. Norris went on to explain that he did not plead such facts "because he did not want the State to know what his evidence was," and because he believed withholding the facts would increase the likelihood that the court would grant an evidentiary hearing. *Id.* at *5-6.

At the conclusion of the briefing and oral arguments, the CCA held that Mr. Norris's actions deprived the petitioner of his

> [O]ne full and fair opportunity to present his constitutional or jurisdictional claims in accordance with the procedures of Article 11.071. Not full because he is entitled to one bite at the apple, i.e. one application, and the document filed was not a proper writ application. Not fair because applicant's opportunity, through no fault of his own, was intentionally subverted by his habeas counsel.

*Id.* at *25-26 (internal citations omitted). Based on these facts, the CCA, exercising its discretion pursuant to Article 11.071 § 4A(b)(3), appointed new counsel for Mr. Medina and granted new counsel 180 days to file a proper state habeas application.

Petitioner Hall received precisely the same deficient representation from Mr. Norris, and is entitled to the same relief afforded Petitioner Medina. Mr. Norris was appointed to represent

Mr. Hall in his state habeas proceeding by the 34th District Court of El Paso County on April 5, 2005. *See* Application For Writ of Habeas Corpus, *Ex Parte Justen Grant Hall*, Cause No. 20030D00505-34-1 (March 19, 2007) at 1. (Attached as Exhibit A)). Mr. Norris's appointment was approved by the CCA on June 1, 2005 pursuant to Article 11.071, § 2 of the Texas Code of Criminal Procedure. *Id.* at 1.

On March 19, 2007, approximately two years after his appointment, Mr. Norris filed a skeletal "petition" on behalf of the Petitioner that is similar in level of detail (if not even more deficient)) to the one he filed for Mr. Medina.[1] *Id.* Indeed, Mr. Norris's "petition" on behalf of Petitioner Hall consisted of just three pages (as opposed to four for Petitioner Medina) and identified seven grounds for relief without setting forth any specific facts to support his legal allegations. *Id.* Mr. Norris attached two exhibits to the "petition". The first exhibit was a copy of the "Judgment on Jury Verdict of Guilty Death Penalty". *Id.* The second exhibit was a photocopy of an envelope addressed to Mr. Norris which appears to be official notice from the CCA that the court received a copy of the State's brief in Case No. AP-75,121.[2] *Id.* The skeletal purported "petition" did not attach any memorandum of law, affidavits or additional exhibits.

On September 17, 2007, the State filed a three-page Answer. *See* The State's Answer to Applicant's 11.071 Application for Writ of Habeas Corpus (Attached as Exhibit B)). The State, rather than objecting to the "application" filed by Mr. Norris as it did in *Ex Parte Medina*, stated that "Applicant raises seven claims for relief <u>without argument</u>. The State, therefore, generally and specifically denie[d] each and every allegation of fact made by the applicant and demand[ed]

---

[1] This Court similarly recognized that the "petition" filed by Mr. Norris was a "skeletal state habeas corpus application setting forth, in cryptic terms, seven grounds for relief." Docket No. 55, at 34.

[2] Case No. AP-75,121 was the mandatory direct appeal filed by Mr. Hall with the CCA. Mr. Hall was represented in that case by separate counsel, Louis Elias Lopez. The CCA affirmed the Petitioner's conviction and sentence. *Hall v. State*, AP-75,121, 2007 WL 184314 (Tex. Crim App. June 27, 2007) (unpublished)

strict proof of same." *Id.* at 2. (emphasis added). Although the State clearly recognized the deficiencies in the "application", it nonetheless decided not to file a motion to dismiss.

As Mr. Norris explained to the court in *Ex Parte Medina*, his belief was that "it is 'in the best interests of [his] client, [], and similarly situated death-row inmates not to plead evidence in briefing in the initial application because it promotes disposition without evidentiary hearings.'" *Id.* at 5-6. The CCA found that "it [was] abundantly clear that [Mr. Norris] [was] intentionally jeopardizing applicant's 'one very well represented run at a habeas corpus proceeding.'" *Id.* at *7 (internal citations omitted).

Although Mr. Hall was eventually granted an evidentiary hearing, Mr. Norris only called three witnesses: the two El Paso assistant district attorneys who represented the State in the original proceedings, and one of the attorneys who represented the Petitioner at trial. Mr. Norris did not call any of the witnesses who testified against the Petitioner at trial, despite the existence of serious *Brady* violations in connection with some of those witnesses.

Similar to the petitioner in *Medina*, Mr. Hall objected to Mr. Norris's approach, but to no avail. *Id.* at * 5. In fact, Mr. Hall became so upset by the "petition" and Mr. Norris's failure to investigate and develop the facts supporting his legal conclusions, both before and after filing, that Mr. Hall wrote a letter to the trial court judge asking that the petition be dismissed so that he could file a new one. Mr. Hall later detailed in a sworn affidavit that:

- Petitioner first met Mr. Norris in 2006 and asked him to investigate the State's witnesses who testified against him at trial;

- Mr. Norris informed the Petitioner in a letter dated June 23, 2006 that he could not contact any of the witnesses since their addresses were not available and he could not obtain their addresses from the court or the police;

- Mr. Norris told the Petitioner that he could probably hire an investigator but he could not get funding from the court unless he could show that interviewing the witnesses could be helpful;

- Mr. Norris never asked the courts for funding nor did he ever attempt to interview any witnesses;[3]

- Mr. Norris provided the Petitioner with a copy of the purported "petition" in March 2007 after it was filed. Mr. Norris noted in an accompanying letter that the briefing on the "petition" would come later; and

- Mr. Hall became so despondent by Mr. Norris's actions that he was considering dropping his remaining appeals.

See Exhibit C (Affidavit of Justen Grant Hall, July 10, 2009).[4]

At Mr. Hall's urging, based on Mr. Hall's understanding that he would be permitted to file a new application *pro se*, Mr. Norris subsequently filed a Motion to Dismiss Application for Writ of Habeas Corpus on September 30, 2008. See Motion to Dismiss Application for Writ of Habeas Corpus and For Competency Evaluation, *Ex Parte Justen Grant Hall* (Cause No. 20030D00505-34-1)(September 30, 2008). The trial court, after holding a hearing and reviewing the reports of two mental health experts who had examined Mr. Hall, issued an order containing its findings of fact and conclusions of law recommending that Petitioner's state habeas application be dismissed. Soon thereafter, the Petitioner wrote letters to both the CCA and the trial court requesting that the trial court withdraw its recommendation that his case be dismissed. Despite Petitioner's request, however, the CCA nonetheless dismissed his application in an unpublished per curium order on June 10, 2009, without any apparent basis in law or fact. *Ex parte Justen Grant Hall*. WR 70,834-01, 2009 WL 1617087 (Tex. Crim. App. June 10, 2009).

---

[3] It is puzzling, to put it mildly, that Mr. Norris never saw fit to attempt to interview two key prosecution witnesses, Ted Murgatroyd and Jesse Eddy, despite finding draft immunity agreements for both witnesses in the State's files (which apparently constituted the extent of his "investigation".) As noted above, Mr. Norris also never called either witness during the evidentiary hearing in order to question them about the draft immunity agreements. Despite Mr. Norris's claims that he could not locate any of the witnesses, Mr. Eddy has been incarcerated in the Indiana state prison system since 2004.

[4] The Affidavit was filed as an attachment to the Suggestion that the Court, On Its Own Motion, Reconsider Its June 10, 2009 Order Dismissing Mr. Hall's Application for Post-Conviction Writ of Habeas Corpus, *Ex Parte Justen Grant Hall*, Cause No. 20030D00505-34-1 (July 10, 2009)

The CCA found the situation presented in *Ex Parte Medina* to be *sui generis* and therefore unlikely to be applicable in other habeas cases. The CCA stated that

> It has been suggested that the reasoning and result in this case could open the proverbial floodgates to protracted and repetitious litigation by those who have filed (or might in the future file) defective pleadings. But as the State appropriately notes, this is one of those extremely rare situations envisioned in *Kerr*, in which habeas counsel has employed a "'Machiavellian strategy designed to thwart the proper statutory procedure for filing a death penalty writ.'" We do not foresee that other counsel will emulate such conduct. As the State notes, "[t]here should be no landslide of similarly deficient applications. If the court explicates the pleading requirements in death-penalty writ applications, the outcome in this case could prevent other habeas counsel from using any ambiguity in the law as an excuse to file a similarly deficient application." Furthermore, this case is doubly *sui generis* because the State agrees that counsel's filing was not a proper habeas-corpus application, and it recommends that this Court proceed under *Article 11.071, § 4A*. We commend the State for its position and note its statement that "[t]his is an unusual posture for the State to take and one that it will not likely assume with regularity in the future."

*Id.* at *26 -27 (footnotes omitted).

Mr. Norris allegedly asserted to the CCA in *Ex Parte Medina* that "prior to this case, he had always included exhibits and stated facts that would support his legal contentions." *Id.* at *6. The purported "petition" Mr. Norris filed on behalf of Mr. Hall (attached as Exhibit A) belies that assertion. Mr. Hall was also "thrown under the bus" by Mr. Norris and the State would be disingenuous in opposing the Petitioner's efforts to get "one full and fair opportunity to present his constitutional or jurisdictional claims in accordance with the procedures of Article 11.071" after conceding in *Ex Parte Medina* that a similar application filed by Mr. Norris was not a proper habeas application. The CCA's decision in *Ex Parte Medina* has afforded the State the opportunity to atone for its inaction and allow Mr. Hall to pursue his right to file a proper habeas application pursuant to Article 11.071.

3.  **A Denial Of This Motion Would Improperly Substitute The Judgment Of The Federal Court For That Of The State Court In Determining Whether *Medina* Relief Is Warranted.**

The Petitioner respectfully submits that it would be improper for this Court to decide whether he is entitled to the relief the CCA granted under *Medina*, which would be the practical effect if this Court were to deny Petitioner's motion. A more reasoned approach would be to grant Petitioner's request for a stay and allow the Texas courts to determine whether Petitioner's circumstances warrant similar remedies to those granted to the petitioner in *Medina*.

The Texas courts previously operated under the "two forum" rule or abstention doctrine which prohibited a state court from considering a state habeas application where a federal habeas petition had also been filed. *See, e.g. Ex Parte Skinner*, No. 20,203-04 (Tex. Crim. App. Oct. 10, 2001) (not designated for publication) (court dismissed state habeas application while federal habeas petition was pending pursuant to the abstention doctrine.) The CCA modified the "two forum" rule in 2004, and now allows an applicant to proceed with a state habeas proceeding, not otherwise barred by Article 11.071, §5 of the Texas Code of Criminal Procedure, even while a federal habeas proceeding is pending, contingent upon the federal court staying and holding the federal proceedings in abeyance. *Ex Parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004).

Since Petitioner's case is on all fours with *Ex Parte Medina*, the Petitioner will not be barred from filing a new state habeas petition pursuant to Article 11.071. As such, it would be proper for this Court to grant Petitioner's motion.

## CONCLUSION

Should this Court deny Petitioner's motion for stay and abeyance, the Petitioner would be prevented from returning to state court under the holding in *Ex Parte Soffar*. Such a decision would, in effect, be a holding by this Court that the Petitioner is not entitled to the relief granted by the CCA in *Ex Parte Medina*. The Petitioner respectfully submits that the appropriate course

would be for this Court to grant Petitioner's motion for a stay and abeyance in order to allow the Texas state courts to make the determination whether *Medina* relief is appropriate in this instance.

WHEREFORE, Mr. Hall respectfully requests that this Court grant his motion to stay all proceedings in this case, and hold the proceedings in abeyance to permit him the opportunity to return to state court to pursue remedies newly available to the Petitioner.

Respectfully submitted,

Dated: January 17, 2012

By: /s/ Goutam Patnaik
Goutam Patnaik

David R. Dow, Member of the Bar of this Court
State Bar No. 06064900
University of Houston Law Center
100 Law Center
Houston, Texas 77204-6060
713-743-2171 (t)
713-743-2131 (f)

Goutam Patnaik, admitted *pro hac vice*
Pepper Hamilton LLP
600 Fourteenth Street, N.W.
Washington, D.C. 20005-2005
Phone: 202.220.1200
Fax: 202.220.1665

William S.D. Cravens, admitted *pro hac vice*
Bingham McCutchen, LLP
2020 K Street NW
Washington, DC 20002
Phone: 202.373.6000
Fax: 202.373.6001

Counsel for Petitioner Justen Grant Hall

## LOCAL RULE 7(h) CERTIFICATION

I, Goutam Patnaik, hereby certify that I, as counsel for Petitioner, conferred with counsel for the State, Thomas Jones, on January 13, 2012 in good faith to resolve or narrow the issues presented in this motion. Counsel for State does not consent to the relief sought by this motion and plans to oppose this Motion.

/s/ Goutam Patnaik
Goutam Patnaik

## CERTIFICATE OF SERVICE

On January 17, 2012 I electronically filed the forgoing with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the *CM/ECF* system, which will send notification of such filing to the following:

**Thomas M. Jones**
Assistant Attorney General
Postconviction Litigation Division
P.O. Box 12548
Capitol Station
Austin, TX 78711
Phone: 512/936-1400
Fax: 512/936-1280
Email: thomas.jones@oag.state.tx.us
*LEAD ATTORNEY*

**Edward L. Marshall**
Assistant Attorney General
State of Texas
P.O. Box 12548
Capitol Station
Austin, TX 78711-2548
(512) 936-1400
Fax: (512) 936-1280
Email: edward.marshall@oag.state.tx.us

/s/ Goutam Patnaik
Goutam Patnaik