IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JUSTEN GRANT HALL,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No.: 3:10-cv-00135 |
| | § | |
| **WILLIAM STEPHENS,** | § | |
| **DIRECTOR, TDCJ,** | § | |
| **CORRECTIONAL INSTITUTIONS** | § | |
| **DIVISION,** | § | |
| | § | |
| Respondent. | § | |

## RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT

Petitioner Justen Hall is currently confined on death row in the Polunsky Unit of the Texas Department of Criminal Justice, Livingston, Texas. Mr. Hall is confined in violation of the Constitution and laws of the United States and the State of Texas, and files this Motion for Relief From Judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). No execution date has been scheduled.

## INTRODUCTION

On January 31, 2012, this Court denied Mr. Hall's Motion to Alter or Amend Judgment and to Stay and Abate Proceedings, on the ground that "there not even a remote possibility that the [Texas Court of Criminal Appeals] will ever agree to entertain the merits of the claims Petitioner presented to this Court." Dkt. No. 71, at 2. Since then, the Court of Criminal Appeals held, for the second time, that a state habeas application filed by Robin Norris—the same attorney who represented Mr. Hall at the state habeas level—was so bare bones that it was invalid, and the court allowed the petitioner time to file a proper application (with the assistance

of different counsel).  *Ex parte Medrano*, No. WR-78, 213-01, 2012 Tex. Crim. App. Unpub. LEXIS 1197 (Nov. 7, 2012).  This relief comes on the heels of *Ex parte Medina*, 361 S.W.3d 633 (Tex. Crim. App. 2011), the first recognition that Mr. Norris' state habeas applications were legally deficient.

Mr. Hall was subjected to the same tactics by the same lawyer, Robin Norris.  Yet Mr. Hall was deprived every opportunity to develop his claims—by Mr. Norris' conduct at the state level, and by the courts at the federal level.  Mr. Hall respectfully requests that this Court correct these inequities and allow him the chance to fully and fairly present his claims.  Accordingly, Mr. Hall respectfully requests relief from this Court's judgments that he was not entitled to an investigation into his undeveloped claims (Dkt. Nos. 31 and 39) and that his claims were procedurally defaulted (Dkt. No. 55).  In the alternative, Mr. Hall respectfully prays that this Court provide Rule 60(b) relief from its order denying his request to stay federal proceedings (Dkt. No. 71) so that he can proceed in state court.

## RELEVANT FACTS

In April 2005, the trial court appointed Robin Norris to represent Mr. Hall in his state habeas proceedings.  *Hall v. Thaler*, No. 12-70005, slip op. at 3 n.1 (5th Cir. Dec. 21, 2012).  In March 2007—nearly two years later and just three days before the deadline—Mr. Norris filed a three-page state habeas application on Mr. Hall's behalf.  That application consisted of a few conclusory legal allegations; it not include any allegations of fact, memoranda of law, or supporting affidavits.  In short, the skeletal application failed to satisfy Texas' minimum pleading requirements.  *See* Dkt. No. 29-2, at 8–10.  The State did not object to the petition's deficiencies—it merely filed an Answer denying the allegations of law and noting the absence of legal argument.  *See* Dkt. No. 60-2, at 3.

In July 2008, three years after his appointment as Mr. Hall's state habeas counsel, Mr. Norris presented just three witnesses at an evidentiary hearing: two assistant district attorneys and Mr. Hall's surviving trial counsel, Frank Macias. Mr. Norris did not call any of the witnesses who testified against Mr. Hall at trial, despite alleging a *Brady* violation concerning at least one unidentified witness. Indeed, Mr. Hall later detailed in a sworn affidavit that (i) he asked Mr. Norris to investigate the witnesses who testified against him at trial; (ii) Mr. Norris told Mr. Hall that he could not find addresses for any of the trial witnesses (one of whom was incarcerated at the time); (iii) Mr. Norris did not attempt to hire an investigator or seek funding from the court; and (iv) Mr. Norris told Mr. Hall that he would not be allowed to get funding should he request it.[1] *See* Dkt. No. 43-2, at 2–5.

Mr. Hall became aware of the deficiencies in Mr. Norris' skeletal petition, and asked the state trial court to dismiss it (and Mr. Norris), so that he could file a new application *pro se*. Dkt. No. 55, at 34. The trial judge failed to adequately advise Mr. Hall of the consequences of his request. For if the court dismissed the pending application and Mr. Hall filed a new one, the new filing would have been deemed an impermissible successive application under Texas law at that time. The trial judge attempted to explain this information, *see* Mar. 6, 2009 Hr'g Tr. at 11–12, but it was clear that Mr. Hall did not understand, *id.* at 41. When Mr. Hall later learned of Texas' hostility toward successor writs, he immediately withdrew his request to dismiss the initial (then pending) application. Dkt. No. 55, at 36–37.

The Texas Court of Appeals acknowledged Mr. Hall's withdrawal of his request, but inexplicably dismissed Mr. Hall's initial application without any pending motion to do so. The

---

[1] Mr. Norris' representation was utterly false. *See* TEX. CODE CRIM. PROC. art. 11.071 § 3(b) & (d).

court then advised Mr. Hall that any subsequent application he filed would be dismissed as a successor writ. *Ex parte Justen Grant Hall*, No. 70834-01, 2009 WL 1617087, at *1–2 (Tex. Crim. App. June 10, 2009); *see also* Dkt. No. 55, at 1–2 ("[I]t is apparent the [CCA] dismissed petitioner's state habeas corpus application *despite petitioner's express written request withdrawing his motion to dismiss same* and, thereby, disposed of petitioner's state habeas corpus proceeding without addressing the merits of petitioner's state habeas claims therein." (emphasis in original)).

To avoid missing the statutory deadline for filing a federal habeas proceeding, Mr. Hall thereafter initiated a federal habeas proceeding in this Court. *See* Dkt. No. 55, at 38. When he applied for funds to hire an investigator and a mitigation expert, however, the Court denied the request on the grounds that Mr. Hall's claims (i) "were never fairly presented to the state habeas court"; (ii) "would necessarily be unexhausted and, therefore, subject to dismissal as procedurally defaulted"; and (iii) were never fully investigated. Dkt. No. 31, at 4–5. This Court then denied all claims in Mr. Hall's federal habeas petition. Dkt. No. 55.

However, shortly before this Court issued its decision dismissing all claims, the Texas Court of Criminal Appeals issued a decision in *Ex parte Medina*, 361 S.W.3d 633 (Tex. Crim. App. 2011). The circumstances of the state habeas proceeding in *Medina* were virtually identical to those experienced by Mr. Hall in his state habeas proceeding. Both Mr. Medina and Mr. Hall were represented by the same state habeas counsel, Robin Norris, and in both cases Mr. Norris filed a skeletal habeas petition that failed to meet state pleading requirements. *Id.* at 635. In *Medina,* however, the Court of Criminal Appeals dismissed the original, deficient application, appointed new counsel, and allowed Mr. Medina 180 days in which to conduct an investigation and file a new application that complied with state pleading requirements (*i.e.*, precisely the

4

same relief that Mr. Hall sought to obtain when he asked the court to dismiss the original, deficient state habeas petition filed on his behalf by Mr. Norris). *Id.* at 643.

Mr. Hall's federal habeas counsel accordingly filed a timely Motion to Alter or Amend this Court's December 20, 2011 Memorandum Opinion and Order, and a Motion to Stay and Abate Federal Proceedings to allow Mr. Hall to return to state court, citing, *inter alia*, the decision in *Medina*. This Court denied the motion. Dkt. No. 71.

On November 7, 2012, while Mr. Hall's appeal of this Court's decision was pending, the Texas Court of Criminal Appeals provided *Medina* relief to another of Mr. Norris' state habeas clients. *See Ex parte Medrano*, No. WR-78, 213-01, 2012 Tex. Crim. App. Unpub. LEXIS 1197 (Nov. 7, 2012). In *Medrano*, the court declared that Mr. Norris' applications were "non-applications," because they were defective for failing to satisfy minimum pleading requirements, improper, and invalid. *Id.* at *3 ("[T]he type of document filed [by Mr. Norris] is not a proper writ application."). Moreover, the court considered Mr. Norris' skeletal applications so deficient as to entitle his clients to (a) new counsel, and (b) an opportunity to file a proper habeas application, including an extension of the statutory deadline. *Id.* There is no reason that Mr. Hall should be deprived of the same relief.

## ARGUMENT

To warrant Rule 60(b) relief, an underlying claim need only have "sufficient merit to indicate the possibility that the outcome would differ." *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 403 (5th Cir. 1981). Determining whether a claim has "sufficient merit" requires only a finding that the claim is not frivolous. *See id.* Mr. Hall's ineffective assistance of counsel claims are not frivolous.

5

A/75910209.5

Moreover, as relevant here, the following factors aid courts in determining whether to grant Rule 60(b) relief: (1) that final judgments should not lightly be disturbed; (2) that the Rule 60(b) motion is not to be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether the motion was made within a reasonable time; (5) whether—if the judgment was a default or a dismissal in which there was no consideration of the merits—the interest in deciding cases on the merits outweighs, in the particular case, the interest in the finality of judgments, and there is merit in the movant's claim or defense; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402. Factors (2) through (7) weigh in favor of granting this Motion, because Mr. Norris' conduct deprived Mr. Hall of a full and fair opportunity to develop his claims. Factor (1), which concerns finality, is all that remains—this factor "standing alone, is unpersuasive." *Gonzalez v. Crosby*, 545 US 524, 529 (2005). This Court should therefore grant Mr. Hall's motion and allow him to return to state court to seek *Medina*/*Medrano* relief.

I.    MR. HALL'S UNDERLYING CLAIM HAS MERIT.

Mr. Hall's trial counsel was asleep, and therefore absent, from critical portions of trial. Ineffective assistance of counsel claims are usually governed by the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). However, in egregious cases, such as where counsel is "totally absent" or otherwise is "prevented from assisting the accused" during critical stages of trial, deficient performance and prejudice are presumed. *United States v. Cronic*, 466 U.S. 648, 659 & n.25 (1984); *accord Strickland*, 466 U.S. at 692 (acknowledging that there are some circumstances in which prejudice is "so likely that a case-by-case inquiry into prejudice is not worth the cost").

6

The *Cronic* presumption applies when defense counsel sleeps during a critical or substantial phase of trial. *Burdine v. Johnson*, 262 F.3d 336, 349 (5th Cir. 2001) (en banc) ("[R]epeated unconsciousness of . . . counsel through not insubstantial portions of the critical guilt-innocence phase of [a] capital murder trial warrants a presumption of prejudice."); *see also Muniz v. Smith*, 647 F.3d 619, 623–24 (6th Cir. 2011) (holding prejudice presumed when counsel sleeps through a "substantial" portion of trial); *United States v. Thomas*, 194 Fed. App'x 807, 809 (11th Cir. 2006) ("[S]leeping counsel is tantamount to no counsel at all."); *Tippins v. Walker*, 77 F.3d 682, 687 (2d Cir. 1996) ("Of course, the buried assumption in our *Strickland* cases is that counsel is present and conscious to exercise judgment, calculation and instinct, for better or worse. But that is an assumption we cannot make when counsel is unconscious at critical times."); *Javor v. United States*, 724 F.2d 831, 834 (9th Cir. 1984) ("Prejudice is inherent in this case because unconscious or sleeping counsel is equivalent to no counsel at all."); *see also Morales v. United States*, 143 F.3d 94, 97 (2d Cir. 1998) ("[W]hen defense counsel is asleep during portions of the trial that bear on his client's case, his inattention is per se prejudicial because unconscious or sleeping counsel is equivalent to no counsel at all." (internal quotation and citation omitted)). This is so because an unconscious attorney cannot advocate for his client, effectively or otherwise. *E.g.*, *Javor*, 742 F.2d at 834 ("The mere physical presence of an attorney does not fulfill the sixth amendment entitlement."). More plainly, while asleep, a lawyer cannot "analyze, object, listen or in any way exercise judgment on behalf of a client." *Burdine*, 262 F.2d at 349.

Any occasion where evidence is being presented against the accused—such as when a witness is being questioned—constitutes a "critical" stage of trial. *E.g.*, *Burdine*, 262 F.3d at 347; *Tippins*, 77 F.3d at 689 (holding prejudice presumed where counsel slept during witness

7

testimony); *accord Javor*, 724 F.2d at 834 ("Generally an attorney and client need to confer about the testimony or evidence adduced at trial and together evaluate its impact.").

Mr. Hall's trial counsel, Frank Macias, fell asleep while the State elicited testimony from witnesses against Mr. Hall—at least two jurors witnessed Mr. Macias' slumber. Dkt. No. 55, at 101 n.176. Sworn statements from members of the convicting jury are regularly considered strong evidence that trial counsel actually slept. *See Muniz*, 647 F.3d at 624 (finding an "affidavit of a juror who witnessed [the Mr. Hall's] attorney sleeping" sufficient); *Burdine*, 262 F.3d at 339 (citing juror testimony); *Tippins*, 77 F.3d at 688 (citing juror's statements).

Although Mr. Hall was also represented by Mr. McDonald at trial, the presence of another attorney while lead counsel is asleep does not *a fortiori* mean that the *Cronic* presumption is inapplicable. It is well-settled that the mere presence of an attorney is no substitute for constitutionally sufficient representation. *See Strickland*, 466 U.S. at 685 ("That a person who happens to be a lawyer, is present at trial and alongside the accused . . . is not enough to satisfy the constitutional demand."). "The Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits." *Evitts v. Lucey*, 469 U.S. 387, 395 (1985). For that reason, an attorney with little or no experience representing a capital defendant must associate with experienced co-counsel in order to provide adequate representation. *See Hamilton v. Ayers*, 583 F.3d 1100, 1130 (9th Cir. 2009) (finding ineffective assistance where defense counsel had never worked on a capital case and failed to associate with more experienced co-counsel); *see also Porter v. McCollum*, 130 S. Ct. 447, 453 (2009) (per curiam) (finding ineffective assistance rendered at the penalty-phase of trial where counsel had never before represented a defendant during a penalty-phase).

Indeed, both Congress and the American Bar Association have made clear their view that inexperienced counsel cannot provide effective representation to capital defendants. In 1994, Congress amended 18 U.S.C. § 3005, which governs the appointment of counsel in capital cases pursued under federal law, to require that appointed counsel not only be "learned in the law," but to further make clear that "at least 1 [appointed attorney] shall be learned in the law applicable to capital cases." Federal Death Penalty Act (Title VII of the Violent Crime & Law Enforcement Act of 1994) § 60026, Pub. L. No. 103-322, 108 Stat. 1796. Section 3005 further requires the presiding judge to "promptly, upon the defendant's request, assign 2 … counsel, of which at least 1 shall be learned in the law applicable to capital cases." The statute reflects Congress' understanding that an attorney who is not "learned in the law applicable to capital cases," is incapable of providing effective representation on his own. And at least one Court of Appeals has held that the "failure to appoint counsel" as required by § 3005 "gives rise to an irrebuttable presumption of prejudice." *United States v. Williams*, 544 F.2d 1215, 1218 (4th Cir. 1976) (citation omitted). The American Bar Association's Standards for Criminal Justice are consistent with Congress' approach: "[i]n capital cases, two <u>qualified</u> trial attorneys should be assigned to represent the defendant." ABA Standards for Criminal Justice, 5-6.1 (emphasis added).

The trial judge found Mr. McDonald incompetent to represent Mr. Hall on his own.[2] *See Hall v. Thaler*, No. 12-70005, slip op. at 3 n.1 (5th Cir. Dec. 21, 2012). Before trial commenced, the trial judge determined that Mr. McDonald lacked the experience necessary to direct Mr. Hall's defense, and accordingly, the judge appointed Mr. Macias as lead counsel. RR vol. 7, at 16–19. Though appointed, Mr. McDonald was not actually on the list for appointment

---

[2] Mr. McDonald's suicide shortly after the conclusion of Mr. Hall's trial, and subsequent disappearance of the original case files related to the trial in Mr. McDonald's possession, further demonstrate that Mr. McDonald was not competent to adequately defend Petitioner. *Hall v. Thaler*, No. 12-70005, slip op. at 3 n.1 (5th Cir. Dec. 21, 2012).

9

in capital cases, and he had never served as lead counsel in a murder trial. *Id.* at 16–17. The judge expressly instructed Mr. McDonald to follow Mr. Macias' lead and defer to his judgment at all times. *Id.* at 22–25. Mr. McDonald's mere presence in the courtroom did not cure Mr. Macias' *per se* prejudicial unconscious representation.

Mr. Hall was, during critical phases of his capital trial, without conscious or capable counsel to represent his interests. On more than one occasion, members of the jury witnessed Mr. Hall's lead counsel sleeping through witness testimony. Although co-counsel may have been present while the lead attorney slept, the trial judge declared at the outset of trial that co-counsel was incapable of representing Mr. Hall on his own. Accordingly, when Mr. Hall's lead counsel was asleep, he was constructively without constitutionally sufficient representation.

## II.     MR. HALL WAS DEPRIVED OF ANY OPPORTUNITY TO FULLY AND FAIRLY LITIGATE HIS CONSTITUTIONAL CLAIMS.

Mr. Norris' defective representation at the state habeas level deprived Mr. Hall of any opportunity to develop his Sixth Amendment claims, and accordingly, Mr. Hall should be afforded the same relief as the petitioners in *Medina* and *Medrano*. All three petitioners—Mr. Hall, Mr. Medina, and Mr. Medrano—were represented by Mr. Norris. And in all three cases, Mr. Norris filed a bare-bones habeas application that failed to satisfy minimum pleading requirements. The only difference between *Medina* and *Medrano* and this case, is that Mr. Hall has yet to be provided with the necessary relief—*i.e.*, a chance to fully and fairly present his constitutional claims.[3]

Thorough investigation of habeas claims, and particularly claims of ineffective assistance of counsel, is critical to protect the constitutionally guaranteed rights to a fair trial and due

---

[3] Like Mr. Hall, Mr. Medrano affirmatively requested that Mr. Norris be replaced, and that the defective habeas petition be withdrawn so a proper one could be filed. *Medrano*, 201 Tex. Crim. App. Unpub. LEXIS 1197, at *3

process. *See Martinez v. Ryan*, 132 S. Ct. 1309, 1317 (2012) ("While confined in prison, the prisoner is in no position to develop the evidentiary basis for a claim of ineffective assistance."). The most appropriate vehicle for such an investigation is a state direct or collateral habeas proceeding. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1401 (2011) ("Although state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so."). Due to Mr. Norris' failure to conduct a proper investigation or meet Texas' minimum pleading requirements, Mr. Hall has never received the full and fair opportunity to present his constitutional claims that is due to him. Mr. Hall's claims were never thoroughly investigated at either the state or federal level. These failures have never been corrected or addressed by the state or federal courts—indeed they have been held against Mr. Hall.[4] For example, this Court noted the absence of evidence to support Mr. Hall's claims at least fifteen times in its order. *See*, *e.g.*, Dkt. 55, at 50, 53, 54, 72, 87, 91, 94, 95, 108, 110, 122. The Court of Appeals relied on this Court's findings of lack of evidence. *See, e.g.*, *Hall v. Thaler*, No. 12-70005, slip op. at 9–11, 15 (5th Cir. Dec. 21, 2012).

Refusing to allow Mr. Hall to return to state court will establish a legal catch-22 that deprives Mr. Hall of critical constitutional rights. His claims were not fully investigated during the state habeas proceedings, leading to findings that he is not entitled to relief on the merits, and that even if he were, he has presented insufficient evidence to support his claim. *See* Dkt. No .

---

[4] By failing to satisfy even basic statutory and professional standards, Mr. Norris essentially abandoned Mr. Hall without notice. As a result, Mr. Hall cannot be held accountable for Mr. Norris' deficient representation. *See Maples v. Thomas*, 132 S. Ct. 912, 924 (2012) ("[U]nder agency principles, a client cannot be charged with the acts or omissions of an attorney who abandoned him."); *see also Padilla v. Kentucky*, 130 S. Ct. 1473, 1482 (2010); *Strickland v. Washington*, 466 U.S. 668, 686-88, 692 (1984) (discussing the role of the legal profession's maintenance of standards to justify the Sixth Amendment requirement of effective legal counsel and noting that "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice").

55.. But Mr. Hall did not have a meaningful opportunity to present his claims, much less develop them or elicit supporting evidence. That is why he must be permitted to return to state court, so they he may seek *Medina/Medrano* relief, and have the day in court which he is due.

## CONCLUSION

For the foregoing reasons, Petitioner Justen Grant Hall respectfully requests relief from this Court's judgments that he was not entitled to an investigation into his undeveloped claims (Dkt. Nos. 31 and 39) and that his claims were procedurally defaulted (Dkt. No. 55). In the alternative, Petitioner respectfully prays that this Court provide Rule 60(b) relief from its order denying his request to stay federal proceedings (Dkt. No. 71) so that he can proceed in state court.

Dated: February 14, 2014               Respectfully submitted,


                                       By:  *s/ David R. Dow*_____
                                            David R. Dow (SBN # 06064900)
                                            Member of the Bar of this Court
                                            University of Houston Law Center
                                            100 Law Center
                                            Houston, Texas 77204-6060
                                            Phone: 713-743-2171
                                            Fax: 713-743-2131


                                            William S.D. Cravens
                                            Member of the Bar of this Court
                                            Bingham McCutchen, LLP
                                            2020 K Street NW
                                            Washington, DC 20006
                                            Phone: 202.373.6000
                                            Fax: 202.373.6001

                                            Goutam Patnaik
                                            Member of the Bar of this Court
                                            Pepper Hamilton LLP

600 Fourteenth Street NW
Washington, DC 20005
Phone: 202.220.1200


*Counsel for Petitioner
Justen Grant Hall*

## CERTIFICATE OF SERVICE

I hereby certify that, on February 14, 2014, I caused a copy of the foregoing Rule 60(b) Motion for Relief From Judgment to be served on all counsel of record through the Court's ECF system.

*s/ David R. Dow*_____
David R. Dow
